
FILED
2022 Oct-25 AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHERRY TAYLOR,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civ. No.: 2:22-cv-01252-ACA |
| ] | |
| **TONY REDDICK, et. al,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cherry Taylor, proceeding *pro se*, filed this employment discrimination action against the Gadsden City Board of Education, Tony Reddick (Superintendent of Gadsden City Schools), Cory Skelton (Chief School Finance Officer), Franchesca Rivera Igou (Accounting Department), and Sarah Collins (Secretary). (Doc. 1 at 1–3). Ms. Taylor, an African American who suffers from depression, anxiety, and a sleep disorder, is a teacher for the Gadsden City Board of Education. (Doc. 1-1 at 2). In September 2021, she sought leave to enroll in the sick bank because she had developed "some health issues" that required her to be out of work for several months. (*Id.*). The Board denied her request on the ground that the enrollment period had closed. (*Id.*). But in the same month, it allowed the enrollment of a white teacher who did not have sufficient leave accrued to qualify for the sick bank. (*Id.*). Ms. Taylor asserts that this was race discrimination, in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2) ("Title VII"), and disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). (Doc. 1 at 3, 5).

Ms. Taylor moves to proceed *in forma pauperis*. (Doc. 2). Having reviewed Ms. Taylor's *in forma pauperis* affidavit, the court finds that she is indigent and **GRANTS** the motion. Because Ms. Taylor is proceeding *in forma pauperis*, the court must screen her complaint for whether it states a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. Taylor's complaint does not and cannot state a Title VII or ADA claim against any of the individual defendants, so the court **DISMISSES** them from this case **WITH PREJUDICE**. Ms. Taylor's complaint also does not state a disability discrimination claim against the Board, so the court **DISMISSES** that claim **WITHOUT PREJUDICE**. However, Ms. Taylor's Title VII race discrimination claim against the Board will proceed.

## I.   DISCUSSION

When a plaintiff seeks to proceed *in forma pauperis*, § 1915(e) requires the court to dismiss the case "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must dismiss the case if the

plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted).

1. <u>Individual Defendants (Mr. Reddick, Ms. Skelton, Ms. Igou, and Ms. Collins)</u>

"The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). The same is true of the ADA. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). Accordingly, Ms. Taylor's Title VII and ADA claims against Mr. Reddick, Ms. Skelton, Ms. Igou, and Ms. Collins fail as a matter of law. The court **DISMISSES** those defendants **WITH PREJUDICE**.

2. <u>Gadsden Board of Education</u>

Ms. Taylor also asserts her Title VII and ADA claims against the Gadsden Board of Education. (Doc. 1 at 1). The allegations in her complaint suffice to state a claim of race discrimination under Title VII. (*See* doc. 1-1 at 2). But the allegations

3

do not suffice to state a claim of disability discrimination under the ADA. (*See id.*). Although Ms. Taylor lists her disabilities and her belief that the Board's actions were motivated by her disabilities, she provides no facts from which the court could draw the inference that the Board denied Ms. Taylor's request to enroll in the sick bank *because of* her disabilities. *See Iqbal*, 556 U.S. at 678. To state a claim for relief, the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Accordingly, the court **DISMISSES** Ms. Taylor's ADA claim against the Board **WITHOUT PREJUDICE**. But if Ms. Taylor wishes to amend her ADA claim against the Board by providing non-conclusory facts in support of that claim, she may do so **on or before November 15, 2022**.

## II. CONCLUSION

The court **GRANTS** Ms. Taylor's motion to proceed *in forma pauperis*.

Based on the court's § 1915(e) screening, Ms. Taylor cannot state a claim under Title VII or the ADA against Mr. Reddick, Ms. Skelton, Ms. Igou, and Ms. Collins, so the court **DISMISSES** those defendants **WITH PREJUDICE**. Ms. Taylor also does not state a claim of ADA discrimination against the Board, so the court **DISMISSES** the ADA claim against the Board **WITHOUT PREJUDICE**. If Ms. Taylor wishes to amend her complaint to provide more facts in support of her ADA claim against the Board, she may do so **on or before November 15, 2022**. If Ms. Taylor amends her complaint to remedy the defects in

her ADA claim against the Board, she must not attempt to re-assert the ADA or Title VII claims against the individual defendants.

Ms. Taylor's Title VII race discrimination claim against the Board will proceed. Because Ms. Taylor is proceeding *in forma pauperis*, the court must perform service on her behalf. Fed. R. Civ. P. 4(c)(3). However, Ms. Taylor's complaint does not provide an address for the Gadsden Board of Education. Accordingly, the court **ORDERS** Ms. Taylor to file with the court a notice giving the address at which the Gadsden Board of Education may be served. Ms. Taylor must file the notice **on or before November 1, 2022**. **The court cautions Ms. Taylor that failure to comply with this order may result in the dismissal of her case for failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**

**DONE** and **ORDERED** this October 25, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE